UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DEBRA A. BRYANT,

        Plaintiff,

    -against-                        07 Civ. 7794 (PKC)(JCF)

NEW YORK STATE PSYCHIATRIC        **ANSWER**
INSTITUTE,

        Defendant.
-------------------------------------------------------X

      Defendant NEW YORK STATE PSYCHIATRIC INSTITUTE ("NYSPI"), by its attorney ANDREW M. CUOMO, Attorney General of the State of New York, hereby answers the pro se complaint and jury demand as follows:

      1.     Denies the allegations contained in the unnumbered paragraph on page one of the pro se complaint, except admits that plaintiff purports to bring an action pursuant to Title VII of the Civil Rights Act of 1964.

      2.     Denies having knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph I. A. ("Parties in this complaint") at the top of page two of the pro se complaint and admits the allegations contained in paragraph I. B.

      3.     Denies the allegations contained in paragraph II. A. ("Statement of Claim") on page two of the pro se complaint.

      4.     Denies the allegations contained in paragraph II. B. on page 3 of the pro se complaint.

      5.     Denies the allegations contained in paragraph II. C. on page 3 of the pro se

complaint, affirmatively states that no such acts are continuing because no discriminatory acts ever occurred and denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's beliefs.

  6.  Denies the allegations contained in paragraph II. D. on page three of the pro se complaint.

  7.  Denies the allegations contained in paragraph II. E. on page 3 of the pro se complaint, as set forth in the six-page narrative statement attached as Exhibit "A" to the pro se complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding alleged hardship on plaintiff and plaintiff's witness identification, admits that plaintiff is a mental health therapy aide in the department of nursing at the NYSPI, which serves as both an inpatient hospital for the mentally ill as well as a research facility, and that plaintiff's duties include those alleged, including monitoring patients to prevent self-harm, that two of her supervisors are Mr. Adelabu and Mr. Kittle, that she began her employment with the New York State Office of Mental Health in 1988 and that she identified herself as black in Exhibit "A" to the pro se complaint. Defendant affirmatively states that plaintiff was placed on administrative leave with pay, and without charge to her leave credits, on March 13, 2006 pending an investigation of whether plaintiff and other employees were sleeping while on duty, that her overall supervisor is the head nurse, that plaintiff was allowed to return to work on April 7, 2006 and allowed to return to her original shift on July 28, 2006, following the discharge of the patient who had made the allegations regarding sleeping while on duty.

  8.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III. A. on page three of the pro se complaint.

9.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III.B. on page four of the pro se complaint and refer this Court to the Right to Sue letter for its full form and content.

10.     Admits that plaintiff is seeking the relief contained in paragraph IV ("Relief") on page four of the pro se complaint, but denies that plaintiff is entitled to any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The pro se complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

All of defendant's actions with respect to plaintiff were based on legitimate, non-discriminatory reasons and/or for good cause.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks punitive damages, such damages are barred against a state government entity under Title VII.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted against defendant are barred, in whole or in part, for failure to mitigate any alleged damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, defendant demands judgment dismissing the pro se complaint, with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 18, 2008

                    ANDREW M. CUOMO
                    Attorney General of the
                     State of New York
                    <u>Attorney for Defendant</u>
                    By:


                    /s/
                    Joanne Skolnick (JS-7723)
                    Assistant Attorney General
                    120 Broadway
                    New York, New York 10271
                    (212) 416-8556


To:    Debra A. Bryant
        <u>Plaintiff</u> <u>Pro</u> <u>Se</u>
        524 West 159th Street, #3D
        New York, NY 10032